Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## UNITED STATES DISTRICT COURT

for the

*Southern* District of *Georgia*

*Augusta* Division

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2021 SEP 17 P 4: 41

CLE__ M. akin
SO. DIST. OF GA.

| | |
|---|---|
| Trina Kay Wadley<br>*Plaintiff(s)*<br>*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*<br><br>-v-<br><br>Christine Wormuth secretary, Department of the Army<br>*Defendant(s)*<br>*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. **CV121 - 146**
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☐ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.  The Parties to This Complaint

#### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Trina K. Wadley |
| Street Address | 5739 Whispering Pines Way |
| City and County | Evans, Georgia 30809 |
| State and Zip Code | |
| Telephone Number | (703) 470-5614 (703) 470-5614 |
| E-mail Address | Triwad@yahoo.com |

#### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name — Trina K. Wadley

Job or Title *(if known)* — Contract Specialist

Street Address — 5739 Whispering Pines Way

City and County — Evans (Columbia)

State and Zip Code — Georgia 30809

Telephone Number — 703-470-5614

E-mail Address *(if known)* — triwad@yahoo.com

Defendant No. 2

Name — N/A

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 3

Name — N/A

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name — N/A

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☒ Other acts *(specify)*:  Disparate treatment, Harassment

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)
August 8, 2016 through ~ May 2018(?)
July 7, 2016

C.   I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☒ race
- ☒ color
- ☐ gender/sex
- ☐ religion
- ☐ national origin
- ☐ age *(year of birth)*          *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*

E.   The facts of my case are as follows.  Attach additional pages if needed.
Please see attachment dated February 2, 2017 regarding facts. Additional facts regarding the amendment are referenced in Attachment Wadley vs Wormuth.

**C.**   **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | U.S. Army Mission Installation Contracting Command |
| Street Address | 271 Heritage Park Lane  Bldg 35200 |
| City and County | Fort Gordon (Richmond) |
| State and Zip Code | Georgia  30905 |
| Telephone Number | 706-791-1800 (main office) |

## II.   Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐   Other federal law *(specify the federal law)*:

☐   Relevant state law *(specify, if known)*:

☐   Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

---

(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)   *Please see the attachment2.*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on (date)

*December 28, 2016 - discrimination complaint filed.*
*October 28, 2016 - initial contact with Agency*
*EEO office*

B.   The Equal Employment Opportunity Commission (check one):

☐   has not issued a Notice of Right to Sue letter.

☒   issued a Notice of Right to Sue letter, which I received on (date) *July 7, 2021*

(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)

C.   Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct (check one):

☐   60 days or more have elapsed.

☐   less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*The plaintiff is asking the court to order monetary compensation and removal of the letter of reprimand currently in my personnel file. I am requesting monetary damages in the amount of $400k. This figure includes the cost of all the hours spent defending myself in the workplace. All the hours spent documenting events, gathering evidence*

communications with stakeholders and the extensive hours writing and pulling my case together. More importantly the emotional pain and suffering, the embarrassment, shame, mental anguish, injury to my professional standing, injury to my longstanding character, high level of stress and the loss of enjoyment of life. The damage was the stress it brought to my family (especially my husband serving in the military), and the loss of countless hours with my children.

2) To be reimbursed for the $10,000 in cash that I paid an attorney to originally defend me.

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   9-17-21

Signature of Plaintiff   *Irena K. Wadley*

Printed Name of Plaintiff   *Trina K. Wadley*

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Street Address   _____

State and Zip Code   _____

Telephone Number   _____

E-mail Address   _____



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON
307 CHAMBERLAIN AVENUE
FORT GORDON, GEORGIA 30905-5000

February 2, 2017

Employment
Opportunity Office

Attorney Adam Conti
120 Peachtree Street, Suite 1250
Atlanta, GA  30361

Complaint of Trina K. Wadley vs. Robert M. Speer. Acting Secretary of the Army, DA Docket Number: ARGORDON16OCT04341

Dear Attorney Conti:

This refers to your client's discrimination complaint filed on December 28, 2016. Your client's initial contact with an EEO official was October 28, 2016 and the initial interview was November 4, 2016. Your client was issued the Notice of Right to File a formal complaint on December 14, 2016. This office acknowledged receipt of your client's discrimination complaint on January 9, 2017.

In your client's formal complaint of discrimination she alleged discrimination based upon race (Black), color (Black) and sex (Female) when she was subjected to a hostile work environment on the following incidents:

a. November 15, 2016 – Ms. Mattingly informed complainant and all members assigned to complainant, Team Leader, to no longer send their work to complainant and to send the work to Ms. Mattingly as their Contracting Officer.

b. On October 26, 2016 – Mr. Timothy Tweed, Field Director, Chair of MICC Contracting Officer Review Board, verbally denied complainant a warrant which is a part of a Contracting Officer's credentials to perform the duties.

c. On October 19, 2016, Ms. Mattingly reassigned all of Complainant's duties to Ms. McCauley.

d. On August 25, 2016, Ms. Mattingly told complainant she did not receive a printer because she was not a Contracting Officer.

e. On August 25, 2016, Ms. Mattingly informed complainant that Ms. Shannon McCauley, Contract Specialist, was supposed to have her job.

f. On August 8, 2016 through October 18, 2016, Ms. Mattingly failed to give complainant per official position description.

g. Since August 8, 2016 and continuing, Ms. Suzanne E. Mattingly, Contracting Officer/Division Chief, MICC-Fort Gordon, GA does not acknowledge and has not allowed complainant to perform the full scope of duties as a Team Lead/Contract Specialist.

h. On August 8, 2016, complainant was not selected for the position of Supervisory Contract Specialist.

i. From July 7, 2016 to August 8, 2016, Ms. Cynthia Myers, Human Resource Specialist, inquired on several occasions if complainant wanted to decline the position.

Based on my review of the complaint file, and conditioned upon a final decision by the Army Director of EEO or designee, I have accepted your client's claims for investigation.

If you believe that the claim in your client's complaint has not been correctly identified, please notify me, in writing, within 5 calendar days after you receive this letter, and specify why you believe the claim has not been correctly identified. If you fail to contact me, I will conclude you agree that the claim has been properly identified above. Any statement submitted in this regard will be placed in the complaint file.

Your client's complaint will be assigned to an investigator for formal investigation of the accepted claims. Once assigned, you will be informed of the investigator's identity and when the investigation is expected to begin. The investigation must be completed within 180 calendar days of the filing of this complaint, unless you agree in writing to extend the period an additional 90 calendar days. In accordance with Title 29, Code of Federal Regulations, Part 1614.108(e), the Army may unilaterally extend the 180-day time period, or any period, of extension, for not more than 30 calendar days when it must sanitize a complaint file, which contains classified information. If this need for extension should arise, you and your client will be informed of the extension.

After completion of the investigation and, if the case has not been settled, the EEO officer will provide you, on behalf of your client with the Notice of Post-Investigative Options and the investigative file. This notice will inform you, on behalf of your client that you have the right to, within 30 calendar days from your receipt of the notice, request a hearing before an EEO Commission administrative judge, who will issue a decision subject to final action by the Army, or the right to request that a final Army decision be issued on the record. You may also request a hearing at any time after 180 calendar days have elapsed from the filing of this complaint. If you opt for a hearing, the Request for a Hearing form (Enclosure 1) should be sent directly to the EEO Commission, Atlanta District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, GA 30303. A copy of the Request for a Hearing must be provided to the EEO offices at the addresses indicated on the Request for a Hearing form.

You, on behalf of your client may amend a complaint at any time prior to the conclusion of the investigation to include claims like or related to those identified above. When a complaint has been amended, the agency is required to conduct an impartial investigation within the earlier of 180 calendar days after the last amendment of the complaint or 360 calendar days after the filing

2

of the original complaint. You, on behalf of your client may request a hearing from an EEO Commission administrative judge after 180 calendar days have passed since the filing of the original complaint, if the investigation has not been completed. Prior to a request for a hearing, any amendment must be submitted, in writing, to the undersigned for a determination whether the new claim warrants inclusion in the pending complaint or processing as a new complaint. Additionally, after requesting a hearing, you have the right to file a motion with the administrative judge to amend the complaint to include claims like or related to those raised in the original complaint.

If a new claim, not like or related to a previously filed complaint, provides the basis for a separate complaint, the new claim will be referred to an EEO counselor and will be subject to all regulatory requirements regarding the EEO complaint process. In cases where complaints are consolidated, the agency is required to conduct an investigation within the earlier of 180 calendar days after the filing of the last complaint or 360 calendar days after the filing of the original complaint. However, you may request a hearing from an EEO Commission administrative judge on the consolidated complaints any time after 180 calendar days from the date of the filing of the first complaint.

If you, on behalf of your client fail to request an EEO Commission hearing or to ask for a final decision by the Army within 30 calendar days after you receive the report of investigation, the processing of this case will proceed. I will submit the entire complaint file to the Army Director of EEO or designee for a final Army decision on the merits of the complaint based on the record as it stands.

If your client is dissatisfied with the final Army decision/action (with or without a hearing), your client may file a notice of appeal with the EEO Commission (EEOC), Office of Federal Operations (OFO), P.O. Box 77960, Washington, D.C., 20013, within 30 calendar days after receiving the final Army decision/action. A copy of the appeal must be provided to the Department of the Army, Director, EEO Compliance and Complaints Review (EEOCCR), ATTN: SAMR-EO-CCR, 5825 21st Street, Building 214, Room 129, Fort Belvoir, VA 22060-5921. Also, any brief or statement in support of the appeal should be sent to OFO, with a copy to the Director for EEOCCR, within 30 calendar days after filing the notice of appeal. In or attached to the appeal to the EEOC, you must certify that a copy of the appeal was served on the Director for EEOCCR, the date and method of service.

Instead of appealing to EEOC, you, on behalf of your client may file civil action in the proper U.S. District Court within 90 calendar days after receiving the final Army decision/action or, if the Army has not issued a final decision on this complaint, after 180 calendar days from the date the formal complaint was filed. If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and you do not have, or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs, or security. Any such request must be made within the above referenced 90 day time limit for filing suit and in such form and manner as the court may require.

3

You are further notified that if you file a civil action, you, on behalf of your client must name the appropriate department or agency head as the defendant and provide his or her official title. DO NOT NAME JUST THE AGENCY OR DEPARTMENT. Failure to name the department or agency head or to state his or her official title may result in the dismissal of your case. The appropriate agency is the Department of the Army. The head of the Department of the Army is Robert M. Speer, who is the Acting Secretary of the Army.

If your client decides to appeal to the EEOC OFO, your client will still have an opportunity to file a civil action in U.S. District Court within 90 calendar days after receiving the EEOC final decision, or 180 calendar days after the date of filing the appeal with the EEOC, if there has been no final decision by the EEOC.

In your client's formal complaint, it appears as though your client is, or may be seeking, compensatory damages as part of the requested relief. The "Notice to EEO Complainant Seeking Compensatory Damages" is attached for your information and review. Please provide the requested documentation to Ms. Diane F. Stallings, Interim EEO Officer and Mr. Christopher Kenny within 15 days.

The agency representative is Christopher Kenny. His telephone number is (706) 791-7357 and the e-mail address is christopher.m.kenny.civ@mail.mil. You are advised that copies of all official correspondence must be served on the EEO officer and the agency representative.

If at any time a settlement or resolution of this complaint is reached, the terms of the settlement/resolution will be agreed to, in writing, by all parties and you will be given a copy.

A copy of your client's EEO counselor's report was provided on December 20, 2016.

If you have any questions, you may contact Ms. Sheila James at (706) 791-4551.

Sincerely,

DIANE F. STALLINGS
Interim Equal Employment Opportunity Officer

Encls
as

CF:
Agency representative

4



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Trina Wadley, a/k/a
Marguerite L.,[1]
Complainant,

v.

Christine Wormuth,
Secretary,
Department of the Army,
Agency.

Appeal No. 2020000954

Hearing No. 410-2018-00080X

Agency No. ARGORDON16OCT04341

<u>DECISION</u>

On November 17, 2019, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's January 9, 2020 final decision concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq. For the following reasons, the Commission AFFIRMS the Agency's final decision.

<u>BACKGROUND</u>

At the time of events giving rise to this complaint, Complainant worked as a Contract Specialist, GS-12, on the Mission Installation Contracting Command (MICC) at the Agency's U.S. Army Garrison in Fort Gordon, Georgia. Complainant started working at the Agency on August 8, 2016, after transferring from another federal agency.

On December 28, 2016, Complainant filed an EEO complaint alleging that the Agency subjected her to hostile work environment harassment on the bases of race (African American), sex (female), and color (Brown) when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                          2020000954

1.   from July 7, 2016 to August 8, 2016, a Human Resources Specialist (HRS) inquired on several occasions whether Complainant wanted to decline the position,

2.   on August 8, 2016, the Agency failed to select Complainant for the position of Supervisory Contract Specialist,

3.   since August 8, 2016 and continuing, the Contracting Officer/Division Chief (S1) does not acknowledge and has not allowed Complainant to perform the full scope of duties as a Team Lead/Contracting Officer,

4.   from August 8, 2016 to October 18, 2016, S1 failed to give Complainant an official position description,

5.   on August 25, 2016, S1 informed Complainant that a fellow Contract Specialist (C1) was supposed to have her job,

6.   on August 25, 2016, S1 told Complainant that she did not receive a printer because she was not a Contracting Officer,

7.   on October 19, 2016, S1 reassigned all of Complainant's duties to C1,

8.   on October 26, 2016, a Field Director (S2) verbally denied Complainant a "warrant," which is part of a Contracting Officer's credentials to perform their duties, and

9.   on November 15, 2016, S1 informed Complainant and all team members assigned to Complainant to no longer send their work to Complainant and to send it to her as their Contracting Officer.

Subsequently, in April 2017, Complainant asked to amend her complaint with additional incidents of harassment and the basis of reprisal for prior EEO activity. Complainant alleged, between January 2017 and March 2017, management did not give her advance notice of meetings, asked her whereabouts, made derogatory comments to or about her, and failed to give her a door key to new office, and that C1 looked at her in an intimidating manner when she passed her. The Agency accepted Complainant's complaint for EEO investigation.

For (1), Complainant stated that she thinks HRS kept asking her about declining the position so that someone else in the division could get the position. As to (2), Complainant stated that a manager left a voice mail message for her stating she was being "considered" for the supervisory position, but when she called him back and he heard her voice, he paused and said she was being "interviewed" for the position. Complainant stated that she was best qualified for the position and that she applied under military spouse preference. Regarding (3) and (4), Complainant stated that she did not receive an official position description until October 19, 2016 and, several days later, S1 eliminated some of the duties in the description, such as assigning purchase requests. Complainant added that S1 stated, she as supervisor, was the one who assigned purchase requests, but Complainant knows GS-12 Contract Specialists performed that duty on other teams. Complainant stated that S1 did not give her a computer for thirty days, she did not have system access, and S1 did not give her work to perform independently. Further, Complainant stated that she is the Team Lead for three of five team members and C1 is the Team Lead for the other two. Regarding (5), Complainant stated that S1 wanted C1, who is Caucasian and is her friend, to have the job Complainant held.

3                                    2020000954

Complainant added when S1 was not in the office, C1 would review the team's work. As to (6), Complainant stated that S1 told her she could not have a printer because she was not a Contracting Officer although Complainant thought that was the position for which she was hired. For (7) and (8), Complainant stated that management only allotted her one hour per day to study for her warrant exam, which was not enough time, and she did not pass it. Complainant stated when she did not pass her warrant board, management reassigned all of her duties and she no longer was a Team Lead to staff. Regarding (9), Complainant stated that S1 informed her three team members to send their work to S1 rather than Complainant. Additionally, Complainant stated that S1 would come, stand, and hover if she was speaking with someone else or huff and puff in an intimidating way if she was unhappy about a matter. Complainant stated that S1 treated African Americans in the office differently.

For (2), the Field Director, S2, stated that there were five candidates interviewed for the supervisory position, including Complainant. S2 stated that two candidates were considered "viable candidates" following the interview, neither of which was Complainant. S2 stated that the other three candidates just did not have strong interviews. S2 stated that all of the interviewed candidates were qualified, and the selection came down to the interviews. S2 stated that Complainant was not able to articulate her leadership philosophies. An interview panel member stated that Complainant did not have the best interview as she tended to ramble and not answer the questions posed.

For (3), S1 stated that an employee can not perform the full duties of a Team Lead or Contracting Officer until they have a warrant from MICC. S1 stated, during August and September, the Office is busy awarding contracts, so it is difficult to make a big change, such as placing Complainant over team members. In addition, S1 stated that Complainant also did not have systems access, which can take up to two months after submitting forms to receiving activities, but Complainant received her access within 30 days. S1 stated that Complainant has performed the full realm of her duties since she received her MICC warrant in February 2017. (Until Complainant received her warrant, she performed Contract Specialist duties but not Contracting Officer duties.) Regarding (4), S1 stated that she did not originally have Complainant's official position description, but she requested it from the Business Operations Division Chief. S1 stated that she originally received and provided performance standards and evaluations, which was not the position description. As to (5), S1 stated that she never told Complainant that C1 should have received her job. However, S1 stated that C1 was "the greatest source of institutional knowledge on our team" and she had been performing Complainant's duties before her arrival. For (7), S1 stated that Complainant was the Team Lead for three staff members and C1 was the Team Lead for two. S1 noted that their office had a tremendous amount of work so it was necessary to have two Team Leads. In addition, S1 noted that she reviewed and signed off on contracts as well.

As to (8), S2 stated that he was on the panel of three that unanimously decided not to give Complainant a "warrant" at the time. S2 stated that Complainant's responses during the panel were "too superficial" and she just was not ready for a MICC warrant. S2 stated that it was probably just her lack of familiarity with MICC and how to prepare for the panel.

4                                                                   2020000954

She later received warrant once more familiar with MICC and better prepared. Regarding (9), S1 stated that Complainant reviewed her team's work, but she could not sign contracts and obligate money without a warrant. She was not a Contracting Officer without a warrant. S1 stated that she informed Complainant's team members to send contracts to her for review and signature. S1 stated that Complainant had a large workload and that would give her additional time to study for the warrant board and receive mentoring. Summarily, S1 stated that she did not take actions based on discriminatory motives.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an EEOC Administrative Judge (AJ) or an immediate final agency decision. Complainant requested a hearing, but the AJ later issued an Order of Dismissal, citing failure to comply with AJ's order. The AJ remanded the complaint to the Agency, and the Agency issued a final decision pursuant to 29 C.F.R. § 1614.110(b). The decision concluded that Complainant failed to prove that the Agency subjected her to discrimination as alleged. The instant appeal from Complainant followed.

### ANALYSIS AND FINDINGS

As this is an appeal from a decision issued without a hearing, pursuant to 29 C.F.R. § 1614.110(b), the Agency's decision is subject to de novo review by the Commission. 29 C.F.R. § 1614.405(a).  See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614, at Chapter 9, § VI.A. (Aug. 5, 2015) (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

*Disparate Treatment*

A claim of disparate treatment is examined under the three-part analysis first enunciated in McDonnell Douglas Corporation v. Green, 411 U.S. 792 (1973). For Complainant to prevail, she must first establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. See McDonnell Douglas, 411 U.S. at 802; Furnco Construction Corp. v. Waters, 438 U.S. 567 (1978). The burden then shifts to the agency to articulate a legitimate, non-discriminatory reason for its actions. See Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is a pretext for discrimination. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000); St. Mary's Honor Center v. Hicks, 509 U.S. 502, 519 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).

5                                                          2020000954

This established order of analysis in discrimination cases, in which the first step normally consists of determining the existence of a prima facie case, need not be followed in all cases. Where the agency has articulated a legitimate, non-discriminatory reason for the personnel action at issue, the factual inquiry can proceed directly to the third step of the McDonnell Douglas analysis, the ultimate issue of whether complainant has shown by a preponderance of the evidence that the agency's actions were motivated by discrimination. See U.S. Postal Service Board of Governors v. Aikens, 460 U.S. 711, 713-714 (1983); Hernandez v. Department of Transportation, EEOC Request No. 05900159 (June 28, 1990); Peterson v. Department of Health and Human Services, EEOC Request No. 05900467 (June 8, 1990); Washington v. Department of the Navy, EEOC Petition No. 03900056 (May 31, 1990).

Here, we find that Complainant failed to show that the Agency's articulated reasons for its actions were a pretext for discrimination.

*Harassment*

To establish a claim of hostile environment harassment, Complainant must show that: (1) she belongs to a statutorily protected class; (2) she was subjected to harassment in the form of unwelcome verbal or physical conduct involving the protected class; (3) the harassment complained of was based on her statutorily protected class; (4) the harassment affected a term or condition of employment and/or had the purpose or effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile, or offensive work environment; and (5) there is a basis for imputing liability to the Agency. See Henson v. City of Dundee, 682 F.2d 897 (11th Cir. 1982); Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993). See also, Enforcement Guidance on Harris v. Forklift Systems Inc., EEOC Notice No. 915.002 (March 8, 1994).

Here, we find that Complainant failed to establish discriminatory harassment. Specifically, we find that Complainant failed to prove, by a preponderance of the evidence, that the actions complained of were based on race, sex, color, or reprisal. Even if we consider, individually and in total, the incidents occurred as alleged, we conclude that a finding of harassment is precluded by our determination that Complainant failed to establish that the Agency's actions were motivated by discriminatory animus. See Harris, supra.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the final agency decision finding no discrimination.

6                                                              2020000954

## STATEMENT OF RIGHTS - ON APPEAL
## RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.   If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**.  A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.  See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.   In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period.  See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP).  See 29 C.F.R. § 1614.403(g).   Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

**Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.**  Any supporting documentation must be submitted together with the request for reconsideration.  **The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).**

7                                          2020000954

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs.  Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


July 7, 2021
Date

The image is at top left.



**U.S. Equal Employment Opportunity Commission**
Office of Federal Operations
P. O. Box 77960
Washington, D.C. 20013

August 11, 2021

DOD Department of the Army
Dir, EEO, CCR, Attn:SAMR-EO-CCR
5825 - 21st St Bldg. 214, Rm 129
Fort Belvoir, VA 22060-5921
USA

To Whom It May Concern:

This is to inform you that on August 11, 2021 the Equal Employment Opportunity
Commission's (EEOC) Office of Federal Operations (OFO) docketed a request for
reconsideration in the matter of Trina Wadley v. DOD Department of the Army,
Agency No. ARGORDON16OCT04341, under EEOC Request No. 2021004496. This request
was filed by the complainant on August   08, 2021 regarding prior EEOC Appeal
No. 2020000954.

The Commission, in its discretion, may grant the request if the party
demonstrates that: (1) the appellate decision involved a clearly erroneous
interpretation of material fact or law; or (2) the decision will have a
substantial impact on the policies, practices, or operation of the agency. See
29 C.F.R. §§ 1614.405(b)(1) and (2).

Any agency statement or brief in opposition to this request for reconsideration
must be submitted to the Commission in digital format via the Commission's
Federal       Sector        EEO        Portal         (FedSEP)
(https://egov.eeoc.gov/FedSep/jsp/secure/login.jsf),  and   served   on   the
complainant in his/her preferred format (digital or paper) within 20 days after
the agency's receipt of notice of complainant's request. Please note that the
Commission's regulations provide for the submission of statements or briefs by
the parties only during the applicable time period noted above; accordingly,
statements or briefs submitted after the applicable time period will not be
considered in the adjudication of the appeal. See 29 C.F.R. § 1614.403(d).

We will send our decision on the complainant's request for reconsideration to
the parties by first class mail. Please note that, to preserve complainant's
anonymity, our decision will have a pseudonym (fictitious name) listed in the
caption under complainant's real name. It will be the same pseudonym used in
the appeal from which the complainant is requesting reconsideration.   The
published decision will use only the pseudonym unless the complainant has sent
OFO a signed request to use his/her real name.

If you have questions regarding the processing of this request for
reconsideration, please call the EEOC Call Center at 1-800-669-4000.

Sincerely,

Compliance and Control Division
Office of Federal Operations



**U.S. Equal Employment Opportunity Commission**
Office of Federal Operations
P. O. Box 77960
Washington, D.C. 20013

August 11, 2021

DOD Department of the Army
Dir, EEO, CCR,  Attn:SAMR-EO-CCR
5825 - 21st St  Bldg. 214, Rm 129
Fort Belvoir, VA 22060-5921
USA

To Whom It May Concern:

This is to inform you that on August 11, 2021 the Equal Employment Opportunity Commission's (EEOC) Office of Federal Operations (OFO) docketed a request for reconsideration in the matter of Trina Wadley v. DOD Department of the Army, Agency No. ARGORDON16OCT04341, under EEOC Request No. 2021004496. This request was filed by the complainant on August   08, 2021 regarding prior EEOC Appeal No. 2020000954.

The Commission, in its discretion, may grant the request if the party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the decision will have a substantial impact on the policies, practices, or operation of the agency. See 29 C.F.R. §§ 1614.405(b)(1) and (2).

Any agency statement or brief in opposition to this request for reconsideration must be submitted to the Commission in digital format via the Commission's Federal      Sector      EEO      Portal      (FedSEP) (https://egov.eeoc.gov/FedSep/jsp/secure/login.jsf),   and   served   on   the complainant in his/her preferred format (digital or paper) within 20 days after the agency's receipt of notice of complainant's request. Please note that the Commission's regulations provide for the submission of statements or briefs by the parties only during the applicable time period noted above; accordingly, statements or briefs submitted after the applicable time period will not be considered in the adjudication of the appeal. See 29 C.F.R. § 1614.403(d).

We will send our decision on the complainant's request for reconsideration to the parties by first class mail. Please note that, to preserve complainant's anonymity, our decision will have a pseudonym (fictitious name) listed in the caption under complainant's real name. It will be the same pseudonym used in the appeal from which the complainant is requesting reconsideration.   The published decision will use only the pseudonym unless the complainant has sent OFO a signed request to use his/her real name.

If you have questions regarding the processing of this request for reconsideration, please call the EEOC Call Center at 1-800-669-4000.

Sincerely,

Compliance and Control Division
Office of Federal Operations

ATTACHMENT

TO: Judge , United States District Court

RE: Right to Request Counsel

DATE: 17 September 2021

I am requesting permission (see page 7 Attachment (2020000954) dated 07 July 2021 to proceed with the civil action without paying fees or costs and the appointment of an attorney. The reason for this request is that I cannot afford pay the expensive costs (e.g., fees, attorney fees) because I originally paid almost $10,000 to obtain an attorney and fees to defend myself and to protect my job, which I had been newly hired. I had to let him go because I could not afford those fees in addition to him not protecting my best interest. From that time until now I have been working on my case myself. It has taken an enormous amount of my time put a great deal of stress and strain on me and my family. I do not wish the things that happened to me at that organization on anyone. As a result, I am graciously asking the court for a waiver and the appointment of an attorney.

Thank you.



**U.S. Equal Employment Opportunity Commission**
Office of Federal Operations
P. O. Box 77960
Washington, D.C.  20013

August 11, 2021

DOD Department of the Army
Dir, EEO, CCR,  Attn:SAMR-EO-CCR
5825 - 21st St  Bldg. 214, Rm 129
Fort Belvoir, VA 22060-5921
USA

To Whom It May Concern:

This is to inform you that on August 11, 2021 the Equal Employment Opportunity
Commission's (EEOC) Office of Federal Operations (OFO) docketed a request for
reconsideration in the matter of Trina Wadley v. DOD Department of the Army,
Agency No. ARGORDON16OCT04341, under EEOC Request No. 2021004496. This request
was filed by the complainant on August   08, 2021 regarding prior EEOC Appeal
No. 2020000954.

The Commission, in its discretion, may grant the request if the party
demonstrates that: (1) the appellate decision involved a clearly erroneous
interpretation of material fact or law; or (2) the decision will have a
substantial impact on the policies, practices, or operation of the agency. See
29 C.F.R. §§ 1614.405(b)(1) and (2).

Any agency statement or brief in opposition to this request for reconsideration
must be submitted to the Commission in digital format via the Commission's
Federal        Sector        EEO        Portal        (FedSEP)
(https://egov.eeoc.gov/FedSep/jsp/secure/login.jsf),   and   served   on   the
complainant in his/her preferred format (digital or paper) within 20 days after
the agency's receipt of notice of complainant's request. Please note that the
Commission's regulations provide for the submission of statements or briefs by
the parties only during the applicable time period noted above; accordingly,
statements or briefs submitted after the applicable time period will not be
considered in the adjudication of the appeal. See 29 C.F.R. § 1614.403(d).

We will send our decision on the complainant's request for reconsideration to
the parties by first class mail. Please note that, to preserve complainant's
anonymity, our decision will have a pseudonym (fictitious name) listed in the
caption under complainant's real name. It will be the same pseudonym used in
the appeal from which the complainant is requesting reconsideration.   The
published decision will use only the pseudonym unless the complainant has sent
OFO a signed request to use his/her real name.

If you have questions regarding the processing of this request for
reconsideration, please call the EEOC Call Center at 1-800-669-4000.

Sincerely,

Compliance and Control Division
Office of Federal Operations