IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| TRINA KAY WADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 121-146 |
| ) | |
| CHRISTINE WORMUTH, Secretary, ) | |
| Department of the Army; DEPARTMENT ) | |
| OF THE ARMY; and MISSION ) | |
| INSTALLATION CONTRACTING ) | |
| COMMAND, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff filed the above-captioned case on September 17, 2021. (Doc. no. 1.) Because she is proceeding *pro se*, on October 20, 2021, the Court provided her with basic instructions regarding the development and progression of this case. (Doc. no. 8.) The Court explained Plaintiff is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4 and directed the Clerk of Court to attach a copy of Rule 4 to the October 20th Order so that Plaintiff could determine the appropriate method of service for each Defendant. (Id. at 1.) The Court specifically informed Plaintiff, under Fed. R. Civ. P. 4(m), she had ninety days from the original complaint filing to accomplish service and that failure to accomplish service could result in dismissal of individual Defendants or the entire case. (Id.) When the ninety-day period for effecting service under Fed. R. Civ. P. 4(m) expired and there was no evidence any Defendant had been served, the Court entered an Order directing Plaintiff to

show cause why this case should not be dismissed without prejudice for failure to timely effect service. (Doc. no. 9.)

In response, Plaintiff returned receipts and tracking data from USPS showing the mailing and delivery of two pieces of mail: one to an address in Augusta, Georgia, delivered on November 10, 2021, and one to an address in Washington, D.C., delivered on November 12, 2021. (Doc. no. 10-1, pp. 15-18.) Contained in these mailings were a copy of the amended complaint and a letter asking Defendants to waive formal service of summons. (Doc. no. 10-1, p. 19.) The docket does not reflect any waiver of service by Defendants. Although Plaintiff states the receipts display proper proof of service, as explained below, the documents do not show that summons have been returned executed or valid service has been accomplished.

As the Court explained in its October 20, 2021 Order, (doc. no. 8), Plaintiff must serve Defendants as set out under Fed. R. Civ. P. 4. To serve agencies, corporations, officers, or employees of the United States subject to service under Fed. R. Civ. P. 4(i), Plaintiff must (1) deliver a copy of the summons and complaint to the United States Attorney for the Southern District of Georgia, an assistant U.S. Attorney, or a clerical employee formally designated to receive such process, or send a copy by registered or certified mail to the U.S. Attorney's civil process clerk; (2) send a copy of each by registered or certified mail to the Attorney General of the United States, Washington, D.C.; and (3) send a copy by registered or certified mail to the agency or officer sued in an official capacity. Fed. R. Civ. P. 4(i)(1)-(2).

Plaintiff's statement, the letter, and the mail receipts do not establish compliance with Rule 4(i). Two mailings to unidentified addresses do not evidence service to three named defendants, the Attorney General, and the U.S. Attorney. Nor were the mailings adequate if sent to the proper addresses. To accomplish service under Rule 4(i), summons must be

2

delivered to the necessary parties. Waiver of summons is not permitted.[1] The docket reflects no summons have been issued in this case, and Plaintiff's letter expressly asks Defendants to waive service of summons. (Doc. no. 10-1, p. 21.)

Regardless, Plaintiff is responsible for properly effecting personal service under Fed. R. Civ. P. 4(c) & (e) should a defendant choose not to waive service. Plaintiff states only that she served information regarding waiving formal service of process on Defendants. When the waiver was not returned, Plaintiff was responsible for ensuring formal service in accordance with the Federal Rules, including serving a summons. As explained above, there is no indication that she has done so.

To the extent there was any question of how to properly accomplish such service, the Court cautioned it was Plaintiff's responsibility to determine which method of service is appropriate and as a courtesy, directed the Clerk of Court to provide a copy of Rule 4. (Doc. no. 8, p. 1; doc. no. 8-1.) The responsibility for properly effecting service stands firmly with Plaintiff. Kammona v. Onteco Corp., 587 F. App'x 575, 578 (11th Cir. 2014) (*per curiam*) (citing Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (*per curiam*)). Despite having been provided with the information and tools needed to effect service, Plaintiff has not complied with the Federal Rules of Civil Procedure, as all litigants appearing in this Court are required to do. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.")

---

[1] Per Fed. R. Civ. P. 4(d)(1), "An individual, corporation, or association that is subject to service under *Rule 4(e), (f), or (h)* has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summon." (emphasis added).

3

Plaintiff has not shown good cause for failing to timely effect service, and the Court finds that no other circumstances warrant any further extension of the service period. The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Advisory Committee Note to Rule 4(m), 1993 Amd.). There is no indication any Defendant may be attempting to evade service.

To the extent the statute of limitations may bar a refiled action, based on the information in the amended complaint, the events about which Plaintiff complains occurred from 2016 until 2020. (Doc. no. 6, pp. 15-21.) Plaintiff unsuccessfully raised claims through the Equal Opportunity Employment Commission ("EEOC") by filing a complaint on December 28, 2016. (Id. at 8.) Upon receiving an unfavorable EEOC decision, Plaintiff filed an appeal, but the decision was upheld on July 7, 2021. (Id. at 8-14.) As Plaintiff has pursued her case through five years of administrative requirements, there is no reason to believe she does not understand the necessity of deadline compliance. In any event, nothing about dismissal without prejudice for failure to timely effect service will impact Plaintiff's ability to argue for tolling the applicable statute of limitations or otherwise arguing any refiled action is timely.

In sum, the Court warned Plaintiff that failure to effect service within the ninety days allowed under Rule 4 could lead to dismissal of the entire case. (See doc. nos. 8, 9.) Accordingly, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice for failure to timely effect service on Defendants. See Marcus v. Postmaster Gen.,

461 F. App'x 820, 822-23 (11th Cir. 2011) (*per curiam*); Schnabel v. Wells, 922 F.2d 726, 728-29 (11th Cir. 1991).

SO REPORTED and RECOMMENDED this 18th day of January, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA